

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

October 6, 2020

**VIA ECF**

The Honorable J. Paul Oetken, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2101
New York, NY 10007

Re:   Simon J. Burchett Photography, Inc. v. Seeking Alpha, Inc., No. 20-cv-7634
      (JPO)(DCF); Pre-Motion Letter Regarding Request for Plaintiff to Post Bond

Dear Judge Oetken:

On behalf of defendant Seeking Alpha, Inc. ("Seeking Alpha"), we submit this pre-motion letter pursuant to the Court's Individual Rule 1.A. in conjunction with Seeking Alpha's request that the Court order plaintiff Simon J. Burchett Photography, Inc. ("Plaintiff"), and/or his law firm Garbarini FitzGerald P.C., to post a bond in order to proceed with the present action.[1]

The claim in this action concerns the use of two photographs of the containership CSCL Zeebrugge (collectively, the "Photographs") in articles posted to Seeking Alpha's platform, which is a crowd-sourced content service for financial markets.  Insight on Seeking Alpha generally is provided by a contributor base of investors and industry experts rather than from the sell side.  Plaintiff claims that one or the other of the Photographs appeared in three articles published on October 30, 2015, June 14, 2016, and July 3, 2017.  Plaintiff alleges that one of the articles (the June 14, 2016 article) was submitted by a Seeking Alpha employee and implies that the other two were user-submitted.  As Plaintiff recognizes, only one of the articles was published after the effective copyright registration date for the Photographs (February 2, 2017), which means that, at best, only one work is eligible for statutory damages and attorney's fees. See ECF No. 1 at ¶ 79.  This assumes that the user-submitted claims are not dismissed on grounds in the Digital Millennium Copyright Act ("DMCA") pertaining to user-generated content, see 17 U.S.C. § 512, or on the ground that all of the alleged infringements occurred prior to September 17, 2017 – three years prior to suit – and therefore are time-barred.

Shortly after the filing of the now-dismissed suit in the Eastern District of New York in early August, the undersigned counsel – in addition to identifying several factual errors in the original complaint, many of which persist in the operative complaint – sought to resolve the matter in light of the low value of the recovery.  That offer took into account the total possible recovery and proposed a number above it (the "Offer").  Plaintiff's counsel opined that the letter detailing the weaknesses in the claim was "odd," and he countered with a high demand in a "best and

---

[1] While not as prolific as some counsel, Mr. Garbarini has filed over 70 copyright infringement suits in this District or the Eastern District of New York (where Manhattan-based Seeking Alpha was originally sued by Plaintiff "on mistake") in the past year, and over 150 copyright infringement suits in the past three years.

Case 1:20-cv-07634-JPO-DCF   Document 12   Filed 10/06/20   Page 2 of 4



The Honorable J. Paul Oetken, U.S.D.J.
October 6, 2020
Page 2

final" manner. In doing so, he indicated that once this lawsuit was refiled in this Court, no settlement would be had. Accordingly, short of dismissal, this case is shaping up to be an expensive exercise in low recovery, similar to other photography claims. Moreover, under Section 505 of the Copyright Act, the prevailing party is entitled to recover its attorney's fees in the Court's discretion. As a result, Plaintiff may end up having to compensate Seeking Alpha for its attorney's fees which, based on Plaintiff's intractable position, may end up being significant.

Seeking Alpha believes that a bond is necessary in light of the fact that Seeking Alpha has offered to pay Plaintiff an amount substantial enough that Plaintiff is highly likely, and based on this District's precedents, virtually guaranteed, to recover less at trial than the amount stated in the Offer. Seeking Alpha made the Offer in the interest of a cost-efficient resolution and without admitting liability in a case in which Plaintiff is highly unlikely to prevail and will almost certainly receive a very low recovery if Plaintiff does prevail. Despite that fact, Plaintiff has not accepted the Offer.

Considering the cost of litigation and the fact that Plaintiff is a loan-out company for an individual photographer with unknown assets, it is unlikely that Plaintiff will be able to afford to foot the bill. *See, e.g.*, *Kanongataa v. Am. Broad. Cos.,* 2017 WL 4776981, at *3 (S.D.N.Y. Oct. 4, 2017) (ordering plaintiff to bear attorney's fees and costs in six-figure amount following ruling on motion to dismiss). Other Judges have found that a bond is appropriate in similar copyright infringement cases filed in this District, and the existence of the imprudently unaccepted Offer here encourages a similar approach by this Court. *See, e.g., Reynolds v. Hearst Commc'ns, Inc.,* 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018), *reconsideration denied,* 2018 WL 1602867 (S.D.N.Y. Mar. 29, 2018); *Pereira v. 3072541 Canada Inc.*, 2018 WL 5999636, at *1 (S.D.N.Y. Nov. 15, 2018); *Cruz v. Am. Broad. Cos.,* 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017) ("Security often has been required where the merits of a plaintiff's case are questionable and there is doubt as to the plaintiff s ability to satisfy any costs judgment that ultimately may be imposed.").

Moreover, Seeking Alpha intends to make an early motion in this case in light of its striking similarity to *Minden Pictures, Inc. v. BuzzFeed, Inc.*, 390 F. Supp. 3d 461 (S.D.N.Y. 2019) (Batts, J.) (finding on a Rule 12(b)(6) motion that the plaintiff had constructive knowledge of the infringements and dismissing all claims for uses older than three years). If the motion is denied, then summary judgment on Seeking Alpha's DMCA defense will result in the dismissal of all of the claims.[2] And, even assuming *arguendo* that Seeking Alpha is found liable for copyright infringement, the resulting recovery for the one use eligible for statutory damages will be very low. *See Dermansky v. Tel. Media, LLC*, 2020 WL 1233943, at *4, 5 (E.D.N.Y. Mar. 13, 2020) ($1000 statutory damage award for infringement of animal photograph); *Otto v. Hearst Commc'ns, Inc.*, 2020 WL 377479, at *3-4 (S.D.N.Y. Jan. 23, 2020) (while plaintiff claimed reasonable license fee for photograph of President Trump at $4000, determining that reasonable

---

[2] None of the alleged authors of the three articles are in fact employees of Seeking Alpha, nor is it correct that the images at issue were in any image bank, much less that Seeking Alpha personnel uploaded the images. As Plaintiff's counsel has been told repeatedly, and evidently continues to allege notwithstanding the information provided, each image was removed from the particular article upon receipt of notice.

12535574.6



license fee was $100 and statutory damage award of $750 was proper); *Stridiron v. Community Broadcasters, LLC*, 2019 WL 2569863, *3 (N.D.N.Y. June 21, 2019) ("courts have found the statutory minimum of $750 to be a more appropriate award" for the infringement of a single photograph when there is no justification for a higher amount). This will be lower than a Rule 68 Offer of Judgment, which at least one judge in this District has held may result in fee-shifting. *See, e.g.*, *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 361–63 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007) (Preska, J.) (finding defendant liable for some amount but nonetheless awarding fees and costs to defendant where the amount of the defendant's Rule 68 offer exceeded the amount that plaintiff ultimately recovered at trial).

Indeed, as this Court is familiar – via the extensive exposure it has had to photography lawsuits over the past few years – photographs of this nature for such uses typically carry an a-la-carte rate of roughly $150 to $250 through an agency (which takes a portion before remitting the fee to the photographer), and less in the context of a subscription. Therefore, the value of the case is, at best, roughly $500 for the two uses not eligible for statutory damages and $1000 for the registered photograph, for a total of $1500.

Seeking Alpha further believes that the Court would likely find that Seeking Alpha has satisfied the elements that courts review in determining whether attorney's fees should be awarded. *See generally Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994); *Bell v. Carmen Commercial Real Estate Servs.*, 2020 WL 5016891, at *5 (S.D. Ind. Aug. 25, 2020) (awarding defendant attorney's fees where plaintiff was not unreasonable as to its copyright infringement claim regarding a photograph but *was unreasonable as to damages* where plaintiff was ultimately awarded $200 in damages, had sought $150,000, and had been offered $1000 by defendant to settle). Your Honor has also awarded attorney's fees and costs in the context of a copyright infringement case involving a photograph in *Craig v. UMG Recordings, Inc.*, 2019 WL 2992043, at *2 (S.D.N.Y. July 9, 2019), where Your Honor reasoned that vindication regarding a client's interests was no excuse for plaintiff or the Liebowitz Law Firm to "unreasonably and vexatiously multiply the proceedings." Seeking Alpha has attempted to engage in settlement discussions with Plaintiff, but Plaintiff has taken the position upon its refiling of the case (which was originally filed in the wrong court) that Plaintiff will not settle nor engage in settlement discussions. The case law suggests this unreasonable position, especially as to damages, will likely lead to the award of attorney's fees and costs to Seeking Alpha in light of Plaintiff's Offer.

This type of behavior does not further the goals of copyright law or of compensation to an injured plaintiff. Rather, it seeks to overrun the courts' dockets with claims that could be easily settled directly by plaintiffs with valid claims, or which could be easily determined with a phone call or letter—prior to the purchase of an index number and hiring of outside counsel—to discuss obvious fair use, *de minimis* use, statute of limitations, or licensed use defenses.

Accordingly, Seeking Alpha respectfully requests that the Court adopt a similar course of action in the present matter as other Judges in this District have and require the posting of a bond. Exercising this discretion and requiring that Plaintiff and/or his counsel post security in the form of a bond in order to proceed will help ensure that if fees are awarded against a loan-out entity



The Honorable J. Paul Oetken, U.S.D.J.
October 6, 2020
Page 4

with unknown assets, Seeking Alpha will have an opportunity to recover them.  It will also safeguard against unreasonable practices and encourage a more expeditious resolution of this case.

Under Local Civil Rule 54.2, the Court maintains the discretion to set a bond amount. S.D.N.Y. Local Civ. R. 54.2 ("The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount . . . as it may designate.").  We are at the Court's disposal should it require, for purposes of setting the bond amount, specific information regarding the expected cost.

We thank the Court for its consideration of this matter.

Respectfully submitted,

Eleanor M. Lackman

EML

cc:     All counsel of record (via ECF)

12535574.6